UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS DOTY,<br><br>                          Plaintiff,<br><br>         v.<br><br>PPG INDUSTRIES, INC.,<br><br>                          Defendant. | CASE NO. C14-5704 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff Thomas Doty's ("Doty") motion to compel discovery (Dkt. 26) and Defendant PPG Industries, Inc.'s ("PPG") motion for protective order (Dkt. 38). The Court has considered the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Doty was employed by PPG from 1974 to 2013. Dkt. 9 ("Comp.") ¶¶ 4.1, 4.8. During the last ten years of his employment, Doty was a Regional Sales Manager in PPG's Coil and Building Products Group. *Id.* ¶ 4.1. On November 14, 2013, PPG

terminated Doty.  *Id.* ¶ 4.8.  At the time, Brian Knapp ("Knapp") was Doty's supervisor.  *Id.* ¶ 4.5.

On September 5, 2014, Doty sued PPG for age discrimination, hostile work environment, retaliation, intentional and negligent infliction of emotional distress, and wrongful constructive discharge.  Dkt. 1.  PPG denies Doty's claims, and maintains it terminated Doty because of his inability to meet performance standards.  Dkt. 33 at 1.

On January 27, 2015, PPG answered Doty's first set of discovery requests.  Dkt. 27, Declaration of Loyd Willaford ("Willaford Dec."), Ex. 1 ("First Disc. Req.").  Doty requested PPG's policies related to performance reviews.  First Disc. Req., RFP No. 4.  PPG notified Doty that it used a general template for drafting performance improvement plans, which PPG produced.  Willaford Dec., Ex. 10 at 46.

On May 15, 2015, PPG answered Doty's second set of discovery requests.  Willaford Dec., Ex. 2 ("Second Disc. Req.").  Doty asked PPG to provide the identities and personnel files for all employees supervised by Knapp from 2008 to the present.  Second Disc. Req., Interrog. No. 4 & RFP No. 1.  PPG provided Doty with information for the employees Knapp supervised since 2012.  Willaford Dec., Ex. 3 at 14–16, Ex. 5 at 24–26.

On October 26, 2015, Doty moved to compel discovery.  Dkt. 26.  On November 9, 2015, PPG responded.  Dkt. 33.  On November 13, 2015, Doty replied.  Dkt. 36.

On November 18, 2015, PPG moved for a protective order with regard to Doty's Federal Rule of Civil Procedure 30(b)(6) deposition of PPG.  Dkt. 38.  Doty did not file a response.  On December 4, 2015, PPG filed a reply.  Dkt. 44.

## II. DISCUSSION

**A.     Motion to Compel**

Doty asks the Court to compel PPG to produce (1) the names and personnel files for all employees supervised by Knapp since 2008, and (2) the policies regarding PPG's performance improvement plans.[1]  Dkt. 26.

### 1.     Discovery Standard

The Federal Rules of Civil Procedure allow for liberal discovery.  *See* Fed. R. Civ. P. 26(b)(1).  "Litigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotation marks omitted).  "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence."  *Id.* (internal quotation marks omitted).  "District courts have broad discretion in determining relevancy for discovery purposes."  *Id.*

### 2.     Employees Supervised by Knapp (Interrogatory No. 4 & Request for Production No. 1)

Doty requests the identities and personnel files for all employees supervised by Knapp since 2008.  Dkt. 26 at 5; *see also* First Disc. Req., Interrog. No. 4 & RFP No. 1. PPG objects to this request as overbroad and irrelevant.  Dkt. 33 at 3.  PPG argues that Knapp did not begin supervising Doty's work group until 2012, and therefore Knapp's handling of performance issues in a different work group at PPG has no bearing on any

---

[1] Doty also sought to compel the production of PPG's sales records.  Dkt. 26 at 4.  On November 18, 2015, Doty's counsel notified the Court that the parties reached an agreement on this issue.

party's claim or defense. *Id.* at 8. Doty, in turn, contends the information is relevant to the issue of pretext. Dkt. 36 at 4.

The Court agrees with Doty. Doty seeks information about employees who worked under the same supervisor as him. Knapp's supervision of these employees prior to 2012 appears relevant to determining whether the reasons Knapp gave for Doty's termination in 2013 were pretextual. The temporal scope of Doty's discovery request is also reasonable. *See Paananen v. Cellco P'ship*, C08-1042-RSM, 2009 WL 3327227, at *9 (W.D. Wash. Oct. 8, 2009) ("Courts typically strike a balance in the range of three to eight years" when determining the temporal scope of discovery in employment discrimination cases). To the extent PPG argues these employees are not similarly situated to Doty, this argument is better raised at summary judgment or trial. Indeed, whether two employees are "similarly situated" is a question of fact that Doty's discovery request may help resolve. *See Beck v. United Food & Commercial Workers*, 506 F.3d 874, 885 n.5 (9th Cir. 2007).

In sum, the information requested by Doty appears reasonably calculated to lead to the discovery of admissible evidence. The Court therefore grants Doty's motion to compel with regard to Interrogatory No. 4 and Request for Production No. 1

**3.    Policies Regarding PPG's Performance Improvement Plans (Request for Production No. 4)**

Doty also seeks to compel the production of PPG's policies regarding performance improvement plans. Dkt. 26 at 5; *see also* First Disc. Req., RFP No. 4. PPG maintains it fully responded to Doty's request. Dkt. 33 at 8. PPG states it used a general template to

draft its performance improvement plans, and it produced this template before Doty filed the instant motion. *Id.* According to PPG, "[t]he documents [Doty] seeks simply do not exist and there is nothing to compel." *Id.* Based on PPG's representations, the Court denies Doty's motion to compel with regard to Request for Production No. 4. The Court cannot compel a party to produce something that does not exist. If additional documents are discovered, however, Doty may seek sanctions under Rule 37(c).

### 4. Attorney Fees

Finally, Doty requests attorney fees for bringing his motion to compel. Dkt. 26 at 2. Because Doty's motion has been granted in part and denied in part, the Court has discretion to award the reasonable expenses incurred in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5)(C). In the exercise of its discretion, the Court declines to award Doty attorney fees.

### B. Motion for Protective Order

PPG moves the Court for entry of a protective order limiting the scope of Doty's Rule 30(b)(6) deposition of PPG to the following topics: (1) PPG's company processes for establishing sales goals; and (2) sales data snapshots or pipeline reports produced by PPG. Dkts. 38 & 38-1. Doty did not respond to PPG's motion. Under the Local Rules, the Court may consider the failure to respond as an admission that the motion has merit. Local Rules, W.D. Wash. LCR 7(b)(2). In this case, the Court finds that Doty's failure to respond is an admission that PPG's motion has merit. With regards to the merits, PPG has shown good cause for the protective order. *See* Fed. R. Civ. P. 26(c)(1). The Court therefore grants PPG's motion.

## III. ORDER

Therefore, it is hereby **ORDERED** that Doty's motion to compel (Dkt. 26) is **GRANTED in part** and **DENIED in part** as stated herein. PPG's motion for protective order (Dkt. 38) is **GRANTED**.

Dated this 8th day of December, 2015.

BENJAMIN H. SETTLE
United States District Judge