UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS DOTY,<br><br>    Plaintiff,<br><br>  v.<br><br>PPG INDUSTRIES, INC,<br><br>    Defendant. | CASE NO. C14-5704 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Thomas Doty's ("Doty") second motion to compel (Dkt. 46). The Court has considered the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Doty was employed by PPG from 1974 to 2013. Dkt. 9 ("Comp.") ¶¶ 4.1, 4.8. During the last ten years of his employment, Doty was a Regional Sales Manager in PPG's Coil and Building Products Group. *Id.* ¶ 4.1. Doty was one of the oldest Regional Sales Managers in the group. *Id.* ¶ 4.2.

ORDER - 1

Between 2008 and 2012, Doty was supervised by John Shaffer ("Shaffer"). Dkt. 51, Declaration of Jennifer Pirozzi ("Pirozzi Dec."), Ex. C at 58:7–8; Comp. ¶ 4.4. In 2008 and 2010, Doty was offered voluntary retirement. Pirozzi Dec., Ex. C at 45:24–46:14, 57:8–12. Doty declined both times. *Id.* In January 2012, Schaffer placed Doty on a performance improvement plan ("PIP"). Pirozzi Dec., Ex. A. Two months later, Schaffer transferred to another position. Pirozzi Dec., Ex. D at 101:13–15; Ex. F at 277:5–7.

In September 2012, Doty began reporting to a new supervisor, Brian Knapp ("Knapp"). Pirozzi Dec., Ex. D at 101:18–19; Ex. E at 70:11–13. Knapp placed Doty on a second PIP in October 2012. Pirozzi Dec., Ex. E at 85:9–86:13. In drafting the second PIP, Knapp took certain elements of the first PIP into consideration. *Id.* at 104:2–11. PPG terminated Doty on November 14, 2013. Comp. ¶ 4.8. At the time, Knapp was Doty's supervisor. *Id.* ¶ 4.5.

On September 5, 2014, Doty sued PPG for age discrimination, hostile work environment, retaliation, intentional and negligent infliction of emotional distress, and wrongful constructive discharge. Dkt. 1. PPG denies Doty's claims, and maintains it terminated Doty because of his inability to meet performance standards. Dkt. 33 at 1.

On October 23, 2015, Doty served PPG with his fourth set of discovery requests. Dkt. 47, Declaration of Patrick McGuigan ("McGuigan Dec.") ¶ 2. Doty asked PPG to provide: (1) the personnel files for each person supervised by Shaffer from January 1, 2009 to December 31, 2014 (RFP No. 1); (2) the PIPs that Shaffer and Knapp issued, monitored, or otherwise participated in as a manager from January 1, 2009 to December

1  31, 2014 (RFP No. 2); (3) the documents related to the PIPs produced in response to

2  Request for Production No. 2 (RFP No. 3); and (4) the personnel files for the employees

3  who were offered voluntary retirement by PPG between January 1, 2008 and December

4  31, 2014. McGuigan Dec., Ex. A. On November 23, 2015, PPG objected to Doty's

5  discovery requests on several grounds. *Id.* The parties held a discovery conference on

6  December 11, 2015. McGuigan Dec. ¶ 3.

7  On December 17, 2015, Doty moved to compel. Dkt. 46. On December 28, 2015,

8  PPG responded. Dkt. 50. On December 31, 2015, Doty replied. Dkt. 52.

## II. DISCUSSION

10  Doty moves to compel responses to his fourth set of discovery requests. Dkt. 46.

11  PPG, in turn, contends Doty's motion is untimely and his discovery requests are

12  irrelevant and burdensome. Dkt. 50.

13  **A.    Timeliness**

14  PPG first argues the Court should deny Doty's motion because it was filed after

15  the discovery motion deadline. *Id.* at 5–6. The Court's scheduling order set the

16  discovery motion deadline for October 26, 2015. Dkt. 18. On November 24, 2015, the

17  parties filed a stipulated motion to modify the discovery and trial schedule. Dkt. 41. The

18  parties' motion included a new discovery deadline, but did not include a new discovery

19  motion deadline. *Id.* at 2–3. The Court granted the motion, and extended the discovery

20  deadline to January 7, 2016. Dkt. 42. Doty filed the instant motion on December 17,

21  2015. Dkt. 46.

22

It would be unreasonable for the Court to extend the discovery deadline without allowing for discovery motions within the extended discovery period. Not allowing for such motions would leave the parties without a method for enforcing their discovery requests. The Court will therefore accept Doty's motion.

**B.    Discovery Requests**

The Federal Rules of Civil Procedure allow for liberal discovery. *See* Fed. R. Civ. P. 26(b)(1). "Litigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal quotation marks omitted). "Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence." *Id.* (internal quotation marks omitted). "District courts have broad discretion in determining relevancy for discovery purposes." *Id.* With this standard in mind, the Court turns to Doty's discovery requests.

   **1.    Request for Production No. 1**

Doty first seeks the personnel files, including PIPS, for each person supervised by Shaffer from January 1, 2009 to December 31, 2014. McGuigan Dec., Ex. A at 5. PPG argues this information is irrelevant because Shaffer was not involved in Doty's termination. Dkt. 50 at 7. Although the requested information may not be relevant to PPG's defense, the information is relevant to Doty's theory of the case. Doty claims "he was targeted for discipline and ultimate termination because of his age and his refusal to accept voluntary retirement (which was age-related)." Dkt. 52 at 4. Shaffer was Doty's supervisor when Doty was offered voluntary retirement and first placed on a PIP.

Shaffer's supervision of other employees bears on whether Doty's first PIP was motivated by his age and unwillingness to retire. Because the requested discovery is relevant to Doty's claims, the Court grants Doty's motion with regard to Request for Production No. 1.

### 2. Request for Production No. 2

Next, Doty requests all PIPs that Shaffer and Knapp issued, monitored, or otherwise participated in as a manager from January 1, 2009 to December 31, 2014. McGuigan Dec., Ex. A at 6. With respect to the PIPs managed by Knapp, PPG asserts there is nothing to compel because those files are being produced in response to the Court's prior discovery order. Dkt. 50 at 8–9. Based on PPG's representation, the Court denies Doty's motion to compel this request as it pertains to Knapp. As for the PIPS managed by Shaffer, the Court grants the motion to the extent the information is covered in Request for Production No. 1.

### 3. Request for Production No. 3

Doty also seeks to compel the production of documents related to the PIPs produced in response to Request for Production No. 2. McGuigan Dec., Ex. at 6. Doty's request seeks information reasonably calculated to lead to the discovery of admissible evidence. The Court therefore grants Doty's motion with respect to Request for Production No. 3.

### 4. Request for Production No. 4

Finally, Doty seeks the personnel files for the employees who were offered voluntary retirement by PPG between January 1, 2008 and December 31, 2014.

McGuigan Dec., Ex. A at 7.  For the reasons discussed above, this information appears relevant to Doty's theory of the case.  PPG, however, contends the burden and expense of producing this information would be significant.  Dkt. 50 at 11.  Although PPG fails to provide sufficient detail regarding the time, expense, and procedures necessary to produce these files, the Court nevertheless agrees that Doty's request could be narrowed.

To balance these competing interests, the Court orders PPG to produce the personnel files for the employees who were offered voluntary retirement by PPG between January 1, 2008 and December 31, 2014, declined to participate in voluntary retirement, and were placed on a PIP, terminated, or both.  The Court also orders PPG to disclose (1) the total number of employees who were offered voluntary retirement by PPG between January 1, 2008 and December 31, 2014, (2) the total number of employees who accepted voluntary retirement during that time period, and (3) the total number of employees who declined to participate in voluntary retirement during that time period.

**C.    Attorney Fees**

Doty requests attorney fees for bringing his motion to compel.  Dkt. 46.  Because Doty's motion has been granted in part and denied in part, the Court has discretion to award the reasonable expenses incurred in bringing the motion.  *See* Fed. R. Civ. P. 37(a)(5)(C).  In the exercise of its discretion, the Court declines to award Doty attorney fees.

**D.    Meet and Confer**

In less than two months, the parties have filed four discovery motions.  Dkts. 26, 28, 38, 46.  PPG withdrew its first discovery motion.  Dkt. 35.  Doty did not respond to

PPG's second motion. *See* Dkt. 45 at 5. The parties reached an agreement on one issue in Doty's first discovery motion before the Court ruled on the motion. *Id.* at 3 n.1. It appears that most of the discovery disputes brought before the Court could have been resolved with genuine cooperation among the parties. In the event more discovery disputes arise, the parties should comply with both the letter and spirit of Rule 37(a)(1) and strive to reach an accord before seeking intervention from the Court.

## III. ORDER

Therefore, it is hereby **ORDERED** that Doty's motion to compel (Dkt. 46) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 4th day of February, 2016.

BENJAMIN H. SETTLE
United States District Judge